UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY MITCHEM,

            Plaintiff,

v.

ANTONIO HUDSON, AARON RICKLEFS, AD STOCKLAND, AV WHITE, CR IAQUINTA, and MK KOTRLY,

            Defendants.

Case No. 22-CV-877-JPS

**ORDER**

On August 2, 2022, Plaintiff Anthony Mitchem filed this civil rights action alleging violations of his constitutional rights. ECF No. 1. On September 5, 2023, after Plaintiff identified the Doe defendants, the Court screened Plaintiff's amended complaint and allowed him to proceed against Defendants for a Fourth Amendment excessive force claim. ECF No. 23 at 4.

On December 27, 2023, the Court entered a scheduling order with a May 1, 2024 discovery deadline and a July 8, 2024 deadline to file dispositive motions. ECF No. 36. The Court's order required that for summary judgment motions, the parties must meet and confer at least 45 days prior to filing the motion and create a single, agreed-upon statement of facts. *Id.* at 2. The Court has warned Plaintiff that the failure to participate in his case may result in its dismissal for the failure to prosecute. *Id.* at 11.

On April 22, 2024, Defendants filed a motion to dismiss for Plaintiff's failure to prosecute. ECF No. 37. Defendants indicate that they sent Plaintiff discovery requests in November 2023 and that they received no response.

ECF No. 38. Defendants have since then attempted to contact Plaintiff multiple times and received no response. Defendants specifically warned Plaintiff that his failure to respond to their correspondence would result in a motion to dismiss due to his failure to prosecute. *Id.* Plaintiff has filed no response to the pending motion to dismiss.

The Court will grant Defendants' motion to dismiss and will dismiss this action, with prejudice, for Plaintiff's failure to prosecute and to comply with orders. Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action, with or without prejudice, for a plaintiff's failure to prosecute or to comply with a court order. While the Seventh Circuit has held that a single missed filing deadline or status hearing does not support dismissal for failure to prosecute, *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000), it has upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal, *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 753–54 (7th Cir. 1993). The Seventh Circuit has also affirmed dismissals where a single nonappearance was combined with other instances of violating court orders. *See Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994); *see also Schmidt v. Campanella Sand & Gravel Co., Inc.*, 49 Fed. Appx. 647, 650 (7th Cir. 2002).

Here, Plaintiff's failure to respond to Defendants' discovery requests and the present motion has completely halted this case. Defendants have been unable to conduct discovery or to engage in the Court's meet-and-confer requirement as a result of Plaintiff's failure to communicate. Plaintiff shows no indication that he intends to prosecute this case based on his failure to respond to the pending motion to dismiss. As such, the Court is obliged to grant Defendants' motion and to dismiss this case with prejudice.

Page 2 of 3
Case 2:22-cv-00877-JPS   Filed 05/21/24   Page 2 of 3   Document 41

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. 37, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** for Plaintiff's failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge